# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CLAUDIA DIAZ MORALES <br> 8018 Richmond Highway <br> Alexandria, Virginia 22306 <br><br> ROSA A. REVELO <br> 3866 Manzanita Place <br> Alexandria, Virginia 22309 <br><br> Plaintiffs, <br><br> v. <br><br> CRYSTAL CLEANERS PLUS, INC. <br> 902 Hillwood Avenue <br> Falls Church, Virginia 22042 <br><br> Serve: Registered Agent <br> Seung Woon Baek <br> 902 Hillwood Avenue <br> Falls Church, Virginia 22042 <br><br> and <br><br> SEUNG W. BAEK <br> 902 Hillwood Avenue <br> Falls Church, Virginia 22042 <br><br> Defendants. | Civil Action No. |

## **COMPLAINT**

Plaintiffs, Claudia Diaz Morales and Rosa A. Revelo (collectively "Plaintiffs"), by and through their attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Crystal Cleaners Plus, Inc. and Seung W. Baek (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA")., and the Virginia Minimum Wage Act ("VMWA") VA Code Ann. §40.1-28.8, *et seq*., stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5086805_1

## INTRODUCTION

Plaintiffs worked for Defendants as laborers. They worked approximately sixty hours per week and were not properly compensated for the overtime hours that they worked. At all times, Plaintiffs were paid below the required minimum wage by Defendants. Defendants have willfully violated the clear and well-established minimum wage and overtime provisions of the FLSA and the VMWA. Plaintiffs seek compensatory and statutory damages for all unpaid overtime compensation and minimum wages, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Virginia.

4. Defendant Crystal Cleaners Plus, Inc. ("Crystal Cleaners") is a Virginia corporation with its location and operations in Virginia, in close proximity to the District of Columbia and Maryland.

5. Defendant Seung W. Baek is the principal of Crystal Cleaners.

6. Upon information and belief, due to the proximity to the District of Columbia and Maryland, Plaintiffs were individually engaged in commerce.

7. Upon information and belief, at all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

8. Defendants operate a business that is heavily dependent on cash transactions.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

9. Plaintiffs anticipate that through discovery, Defendants' gross volume of sales will be readily determined by reviewing the tax returns, credit card reports and sales transaction reports and other similar documents.

10. Defendants also process credit card transactions for customer payments and purchase equipment and inventory that move in interstate commerce.

11. Defendant Seung W. Baek controlled the day to day operations of the business.

12. Defendant Seung W. Baek had the power to hire, fire, suspend, and discipline Plaintiffs.

13. Defendant Seung W. Baek supervised Plaintiffs directly or indirectly.

14. Defendant Seung W. Baek directly or indirectly set and controlled Plaintiffs' work schedule or had the power to do so.

15. Defendant Seung W. Baek directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

16. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." Chao v. Mid-Atlantic Installation Services, Inc., 16 Fed Appx. 104 (2001).

17. Defendant Seung W. Baek would be considered an employer for purposes of individual liability because of her intrinsic involvement in the business.

## FACTS

18. Plaintiffs were employed by Defendants as laborers.

19. Plaintiff Claudia Diaz Morales was employed by Defendants as a cleaner from April 29, 2013 through May 3, 2016.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

20. Plaintiff Claudia Diaz Morales was paid at two different weekly rates during her employment with Defendants. From April 29, 2013 through December 27, 2014, she was paid at a weekly rate of $407.69, which translates to a regular hourly rate of $6.80 and for the remainder of her employment she was paid at a weekly rate of $400.00, which translates to a regular hourly rate of $6.67.

21. Plaintiff Claudia Diaz Morales worked approximately sixty hours per week and was never compensated at the required overtime rate of one and one half times her regular hourly rate for those hours worked over forty hours per week.

22. Plaintiff Claudia Diaz Morales is owed approximately $4,522.45 in unpaid minimum wages and $11,382.50 in unpaid overtime wages.

23. Plaintiff Rosa A. Revelo was employed by Defendants from April 29, 2013 through April 30, 2016.

24. Plaintiff Rosa A. Revelo was paid at two different weekly rates during her employment with Defendants. From April 29, 2013 through December 26, 2015, she was paid at a weekly rate of $387.36, which translates to a regular hourly rate of $6.46 and for the remainder of her employment she was paid at a weekly rate of $400.00, which translates to a regular hourly rate of $6.67.

25. Plaintiff Rosa A. Revelo worked approximately sixty hours per week and was never compensated at the required overtime rate of one and one half times her regular hourly rate for those hours worked over forty hours per week.

26. Plaintiff Rosa A. Revelo is owed approximately $13,810.72 in unpaid minimum wages and $11,975.97 in unpaid overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

27. Plaintiffs are owed minimum and overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of Virginia and federal law.

28. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

29. The precise number of hours worked, and wages owed, should be revealed through discovery.

30. Defendants knowingly and intentionally violated Plaintiffs' rights under Virginia and federal law.

## COUNT I
## (FLSA)

31. Plaintiffs adopt herein by reference paragraphs 1 through 30 above as if fully set forth herein.

32. At all times relevant hereto, each Defendant was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

33. Defendants were engaged in "interstate commerce" within the meaning of the FLSA.

34. Each Plaintiff was an "employee" within the meaning of the FLSA.

35. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

36. Defendants were required to pay Plaintiffs at or above a minimum wage of $7.25 per hour. *See* 29 U.S.C. §206(a)(1)(c).

37. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at or above the required minimum wage.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

38. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times the minimum hourly wage for all hours worked in excess of forty hours per week.

39. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

40. Defendants' violation makes them liable to Plaintiffs for all unpaid minimum wages and overtime compensation, and an additional amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in her favor in an amount to be determined at trial, but not less than $83,383.28, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Virginia Minimum Wage Act)

41. Plaintiffs adopt herein by reference paragraphs 1 through 30 above as if fully set forth herein.

42. Defendants were required to pay Plaintiffs at or above the required minimum wage as prescribed by the Fair Labor Standards Act, currently $7.25 per hour. *See* VA Code Ann. §40.1-28.10.

43. Defendants failed to pay Plaintiffs at or above the minimum wage throughout their employment.

44. Unpaid minimum wages are due and owing to Plaintiffs by Defendants.

45. Defendants' failure and refusal to comply with their obligations under the VMWA was willful and not in good faith.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5086805_1

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $18,333.17 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    STEIN SPERLING BENNETT
    DE JONG DRISCOLL PC

By:     */s/ Mary J. Craine Lombardo*
    Mary J. Craine Lombardo (77768)
    25 West Middle Lane
    Rockville, Maryland 20850
    (301) 340-2020
    (301) 354-8126 – fax
    mlombardo@steinsperling.com

    *Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

5086805_1